JOHN HARTT *et al.*, Respondents, *v.* JOHN McNEIL, Appellant.

1. *Attachment — Replevin — Evidence in what, proper.*— Certain goods having been seized by a sheriff on attachment as the property of A., were replevied by B., whereupon the sheriff admitted the taking, and justified on the ground that the goods were the property of A., and were taken in virtue of the attachment. In the replevin suit it was proper for B. to show that A. made to him false representations as to his financial standing, as going to prove that the goods were procured fraudulently. It was not competent, however, for the sheriff to show that A. had pledged the goods sued for, while yet in his possession, as security to a third party for borrowed money. Such testimony was not germain to the issues involved.

*Lubke & Player*, for respondents.

*Tatum* and *Lighthizer*, for appellant.

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit brought by the plaintiffs to recover possession of certain personal chattels which the defendant, as sheriff, had seized upon certain writs of attachment against the firm of A. Chouteau, Paul & Co., and as the property of that firm. The

controversy respects the title to the property. The plaintiffs claim it as theirs, while the defendant, by his answer, asserts title in Chouteau, Paul & Co.

The firm of Chouteau, Paul & Co. was of short duration. It was organized in the summer of 1868. Soon after its organization, time purchases were made to a considerable amount, and the firm went to pieces in about sixty days from the date of its formation. These facts do not seem to be in dispute, and they are adapted to produce the impression that the firm of Chouteau, Paul & Co. was a fraud from the beginning. It was in evidence that Paul, as representing the firm, made purchases from the plaintiffs, including the goods in controversy, to the amount of some $4,500, buying on time and representing, as an inducement to credit, that his firm had a capital of $50,000; that $25,000 of this sum was in cash and in his possession. Upon the strength of these and other assuring representations, the plaintiffs, as the evidence tends to show, made sales to Paul's firm on time, including in these sales the goods sought to be recovered in this action. Crowley, one of the firm, testified that he acted as the firm's book-keeper and cashier; that he put in as capital $800, and that he knew of no other firm capital actually brought into the concern. It was also in evidence that the plaintiffs gave both Paul and Crowley notice of a rescission of the sales, and that the rescission was assented to by both of them, and prior to the attachments. The defendant objected to the evidence showing Paul's representations, and the objection is insisted upon here. It was clearly competent for the plaintiffs to show that Paul & Co. obtained the goods fraudulently, and it was equally competent for them to prove Paul's representations as part of the evidence going to establish the fact of fraud. The objection was properly overruled. Crowley's testimony in relation to the firm capital was also objected to, but the objection is without force. It had a tendency to establish the falsity of Paul's representations, as showing a state of facts at variance with those representations. I see no objection to the evidence employed to establish the fact of a rescission of the sale. In the progress of the trial the defendants offered to show that Paul & Co. had pledged the goods

sued for, while yet in their possession, as security to a third party for borrowed money. The evidence was excluded, and the action of the court in that matter is complained of. The evidence was properly excluded, since it was directed to no issue raised by the pleadings.

The defendant admits the taking of the goods, and then seeks to justify the taking upon the ground that the goods seized were Paul & Co.'s, and that he took them as sheriff in virtue of the attachments against that firm. He distinctly avers title, not in a third party, but in Paul & Co., and rests his defense upon that averment.

The controversy as to the title was between the title claimed by the plaintiffs and the alleged title of Paul & Co., and not between the plaintiffs' title and the title of some third party not known to the pleadings. Under the pleadings the contest as to title was confined to the alleged title of the plaintiffs on the one hand, and the alleged title of Paul & Co. on the other. These two titles were brought in competition. It can not be supposed that either party made a preparation to defend against the title in some third party, whose relation to the subject of the controversy was ignored by the pleadings.

The instructions were well enough. I see no sufficient occasion for a review of them in detail. The evidence was sufficient to carry the case to the jury, and it well warranted a verdict for the plaintiffs. (See Fox v. Webster, 46 Mo. 181.)

The judgment will be affirmed. The other judges concur.